

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable George W. Cox
State Health Officer
Texas State Board of Health
Austin, Texas

Dear Sir:

Opinion No. O-5596
Re: Should a firm located in a
small town and operating
only one ambulance be re-
quired to obtain a permit
from the State Board of
Health if the ambulance is
used less than five times
each year for emergency
calls. And related ques-
tions.

This will acknowledge receipt of your letter of re-
cent date requesting the opinion of this department upon the
above stated and related questions. Your letter reads as
follows:

"In connection with the enforcement of Senate
Bill #230, Act of 48th Legislature, 1943, an Act
regulating public and private emergency ambulances
operating in the State of Texas, several questions
have been asked of this department. I should like
to obtain your interpretation and opinion regarding
the following questions:

"1. Should a firm located in a small town and
operating only one ambulance be required to obtain
a permit from the State Board of Health if the am-
bulance is used less than five times each year for
emergency calls?

"2. Should a firm located in one of the larger
cities of Texas operating several ambulances ob-
tain permits from the State Board of Health for each
of its ambulances and equip them in accordance with
the provisions of this Act? If this firm has ob-
tained a permit for three of its ambulances and

and equipped them accordingly, is it necessary for the firm to equip its fourth and fifth ambulance and obtain a permit if the two latter ambulances are used only three or four times a year for emergencies?

"3. Should ambulances used for the transportation and conveyance of sick patients be required to obtain a permit from the State Board of Health; that is, if they are used only for transporting convalescents or sick patients from a hospital to a residence and not for emergency calls?

"4. Would an applicant be allowed to obtain permits for more than one ambulance when he possessed equipment for only one with the intention of inter-changing this equipment and placing it in the ambulance making the emergency call?"

We quote in part from Senate Bill 230, 48th Legislature, insofar as we think is pertinent in answering your request, as follows:

"Section 1. No person, firm or corporation shall operate or cause to be operated in the State of Texas, any emergency ambulance, public or private, or any other vehicle commonly used for the transportation or conveyance of the sick or injured, without first securing a permit therefor from the State Board of Health as hereinafter provided.

"Sec. 2. Every ambulance, patrol automobile or vehicle hereinafter described, before permit is issued therefor, shall be equipped with and, when in service, carry as minimum equipment the following:

"(a) A first aid kit;

"(b) Traction splints for the proper transportation of fractures of the extremities.

"Sec. 3. Every such ambulance or vehicle hereinabove described, when in service, shall be accompanied by at least one person who has acquired

theoretical or practical knowledge in first aid
as prescribed and certified by the American Red
Cross, evidenced by a certificate issued to such
person by the State Board of Health.

"  . . . .

"Sec. 4. Application for a permit to operate
any such ambulance or other vehicle hereinabove
described, on the streets of any city or on the
highways of this state, shall be made upon a form
prescribed by the State Board of Health. . . .

"Each permit shall be numbered and posted at
such place in the interior of the ambulance or
vehicle as the State Board of Health may prescribe.

"  . . . ."

Your first question is answered in the affirmative.
Section 1 of Senate Bill 230, in rather plain language prohibits
any emergency ambulance to be operated in the State of Texas
without a permit having first been secured in accordance with
the terms of this Act. Since the Legislature has not stated
what constitutes an emergency ambulance and in view of the en-
tire language of the bill, we feel constrained to hold that any
ambulance used for emergency calls, notwithstanding the number,
is within the purview of this Act. To rule otherwise, in ab-
sence of more specific language in this regard, would leave this
precise question open to conjecture.

We likewise answer both parts of your second ques-
tion in the affirmative. Section 2 of this bill requires that
every ambulance, before a permit is issued, shall be equipped
with and, when in service, carry certain prescribed equipment.
Our last quotation from the Act requires the permit to be post-
ed at some place in the interior of the ambulance. This word-
ing, together with Section 4, rather strongly indicates there
must be a permit issued for each emergency ambulance, and be-
fore such permit is issued, each ambulance must be properly
equipped in accordance with the provisions of this Act. We can
find no language in the bill which would manifest a conclusion
to the contrary. We refer to our answer to your question
number one together with the above in regards to the latter
portion of your second question.

Honorable George W. Cox, page 4

In our Opinion No. 0-5580, we hold permits must be secured for ambulances which were never used for emergency calls, but only to carry patients to and from hospitals on non-emergency missions. A copy of that opinion is enclosed.

Your fourth question is answered in the negative. As we attempted to point out in discussing your second question, Sections 2 and 4 of Senate Bill No. 250 require that every applicant seeking a permit under this Act must first show that his particular vehicle is properly equipped in accordance with its provisions. It seems therefore that before a permit may be issued, the particular vehicle must be properly equipped, especially so in view of the above language and the absence of any language or inference permitting any interchanging of equipment among ambulances.

We trust the foregoing fully answers your questions.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Robert O. Koch

Robert O. Koch
Assistant

ROK:db

Enclosure


APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN